UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAJOR LEAGUE BASEBALL PLAYERS
ASSOCIATION

                      Plaintiff,              08 CIV 04570 (VM)

-against-

STEINER SPORTS MARKETING, INC.,

                      Defendant.
------------------------------------------------------------X


### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO DISMISS COUNT V
### OF THE AMENDED COMPLAINT


Dated: New York, New York
       July 29, 2008

THE ROTH LAW FIRM, PLLC
Richard A. Roth (RAR 5538)
Jordan M. Kam (JK 8938)
545 Fifth Avenue, Suite 960
New York, New York 10017
Tel: (212) 542-8882
Fax: (212) 542-8883
*Attorneys for Defendant*

# TABLE OF CONTENTS AND CITATIONS

## TABLE OF CONTENTS

**PAGE NO.**

PRELIMINARY STATEMENT ..................................................................1

FACTS RELEVANT TO PENDING MOTION..........................................2-4

ARGUMENT ..........................................................................................4-10

    A.    COUNT V IS BARRED BY THE ONE-YEAR
           STATUTE OF LIMITATIONS......................................4-5

    B.    COUNT V DOES NOT STATE A CLAIM UPON
           WHICH RELIEF CAN BE GRANTED.........................5-8

    C.    MLBPA LACKS STANDING TO ASSERT A CLAIM
           UNDER N.Y. CIVIL RIGHTS LAW §§ 50-51...............8-10

CONCLUSION.........................................................................................10

## TABLE OF CITATIONS

**CASES CITED**                                                **PAGE NO.**

Allen v. National Video, Inc.,
610 F. Supp. 612 (S.D.N.Y. 1985)..........................................................6

Bennett v. Spear,
520 U.S. 154, 117 S.Ct. 1154, 137 L. Ed.2d 281 (1997)........................9

Burck v. Mars, Inc.,
2008 U.S. Dist. LEXIS 47861 (S.D.N.Y. June 23, 2008)......................10

DeJesus v. Sears, Roebuck & Co.,
87 F.3d 65 (2d Cir. 1996).........................................................................5

Freihofer v. Hearst Corp.,
65 N.Y.2d 135 (1985)...............................................................................6

FW/PBS, Inc. v. City of Dallas,
493 U.S. 215, 231 (1990).........................................................................8

Harris v. City of New York,
186 F.3d 243 (2d Cir. 1999).....................................................................5

# TABLE OF CONTENTS AND CITATIONS (CONT.)

**CASED CITED (CONT.)**                                                                                    **PAGE NO.**

Hodel v. Irving,
481 U.S. 704 (1987).....................................................................................................8

Leibowitz v. Cornell Univ.,
445 F.3d 586 (2d Cir. 2006).......................................................................................5

Leonard F. v. Israel Discount Bank of New York,
199 F.3d 99 (2d Cir. 1999)......................................................................................3, 5

Lombardo v. Doyle, Dane & Bernbach,
58 A.D.2d 620, 396 N.Y.S.2d 661 (2d Dept. 1977).................................................9

Lujan v. Defendants of Wildlife,
504 U.S. 555, 112 S.Ct. 2130, 119 L. Ed.2d 351 (1992)........................................9

Molina v. Phoenix Sound, Inc.,
297 A.D.2d 595, 747 N.Y.S.2d 227 (1st Dept. 2002).............................................6

Pirone v. MacMillan,
894 F.2d 579 (2d Cir. 1990)...................................................................................6, 9

Pascuzzi v. Montcalm Publishing Corp.,
65 A.D.2d 786, 410 N.Y.S.2d 325 (2d Dept. 1978).................................................4

Roberson v. Rochester Folding Box Co.,
171 N.Y. 538 (1903).....................................................................................................6

Rostropovich v. Koch,
1995 U.S. Dist. LEXIS 2785, No. 94-2674, 1995 WL 104123
(S.D.N.Y. March 7, 1995)............................................................................................4

Stephano v. News Group Publications, Inc.,
64 N.Y.2d 174 (1984)...................................................................................................6

Thompson v. County of Franklin,
15 F.3d 245 (2d Cir. 1994).........................................................................................8

Univ. of Notre Dame Du Lac v. Twentieth Century-Fox Film Corp.,
22 A.D.2d 452, 256 N.Y.S.2d 301 (1st Dept. 1965)...............................................10

## TABLE OF CONTENTS AND CITATIONS (CONT.)

**CASED CITED (CONT.)**                                                                 **PAGE NO.**

Warth v. Seldin,
422 U.S. 490 (1975).................................................................................8


**STATUTES CITED**

N.Y. C.P.L.R. § 215(3)..............................................................................1, 4

N.Y. Civil Rights Laws §§ 50-51...............................................................1, 4-9

Defendant Steiner Sports Marketing, Inc. ("Defendant" or "Steiner"), by and through its attorneys, The Roth Law Firm, PLLC, hereby respectfully submits its motion to dismiss Count V of the Amended Complaint filed by Plaintiff Major League Baseball Players Association ("Plaintiff" or "MLBPA"), as follows.

## PRELIMINARY STATEMENT

The Amended Complaint ultimately seeks relief on what appears to be two bases: (i) trademark infringement; and (ii) what the MLBPA calls an infringement of certain professional baseball "Player Rights" (contained in Count V of the Amended Complaint). By this motion, Steiner seeks to dismiss Count V of the Amended Complaint on the following grounds:

- MLBPA's New York Civil Rights Law §§ 50-51 claim (Count V) is barred by the one-year statute of limitations under New York CPLR § 215(3).

- The Amended Complaint fails to identify the purported individuals whose civil rights MLBPA is seeking to enforce. As such: (i) the Amended Complaint fails to provide Steiner with adequate notice of its claim under Count V, thus making it impossible for Steiner to file an Answer or otherwise defend the case; and (ii) Count V fails to state a claim upon which relief can be granted.

- By admitting in the Amended Complaint (at paragraph 19) that the individuals -- whose civil rights MLBPA purportedly seeks to enforce herein -- affixed their *signatures* to the very products Steiner is accused of wrongfully selling to the public, MLBPA cannot allege that Steiner did not obtain such individuals' "written consent" (an element under Sections 50-51).

- MLBPA lacks standing to assert a cause of action under New York Civil Rights Law §§ 50-51, nor is standing properly alleged in the Amended Complaint.

For all of the reasons stated herein, Count V of the Amended Complaint must be dismissed.

## FACTS RELEVANT TO PENDING MOTION[1]

This action was commenced by the filing of a Summons and Complaint on May 16, 2008. MLBPA subsequently filed an Amended Complaint on May 28, 2008. It asserts claims for: (1) Trademark Infringement, 15 U.S.C. § 1114 (*Id.*, ¶¶ 22-30); (2) Trademark Infringement and Unfair Competition, 15 U.S.C. § 1125(a) (*Id.*, ¶¶ 31-32); (3) Trademark Counterfeiting, 15 U.S.C. §§ 1114 and 1116 (*Id.* at ¶¶ 34-35); (4) New York Common Law Trademark Infringement and Unfair Competition (*Id.* at ¶¶ 36-38); (5) N.Y. Civil Rights Law §§ 50-51 (*Id.* at ¶¶ 39-42); and (6) Breach of Contract (*Id.* at ¶¶ 43-48). The pending motion seeks to dismiss Count V of the Amended Complaint (N.Y. Civil Rights Law §§ 50-51) only -- the so-called "Players' Rights" claims.

According to the Amended Complaint, MLBPA is an unincorporated association whose members are active Major League baseball players. Amended Complaint, ¶ 1. Pursuant to an *undisclosed* agreement that "virtually all" of MLBPA's members sign each year, the MLBPA is the exclusive agent for the group licensing of "Player Rights." *Id.* at ¶3. MLBPA defines "Player Rights" as "the exclusive right to use and authorize others to use the names, nicknames, signatures, likenesses, numbers, biographical information and other identifying characteristics of its members when any such identifying characteristics of three (3) or more active Major League baseball players are used on or in connection with a product, product line or other commercial venture." *Id.* at ¶ 2. MLBPA fails to allege which players have signed the undisclosed agreement and which of the players that have signed were included in any allegedly infringing works offered for sale by Steiner. Additionally, MLBPA fails to allege that Steiner, or any third party,

---

[1] For purposes of Defendant's motion to dismiss only, Defendant assumes all allegations contained in the Amended Complaint as true.

2

knew which players were party to the undisclosed agreement that MLPBA alleges it has with "virtually all" Major League players.

According to the Amended Complaint, *"[a]ll Major League players* know that any person who desires to use Player Rights of three (3) or more active Major League players on or in connection with a product or product line must first obtain a license from the Players Association." *Id.* at ¶3 (emphasis added). The Amended Complaint goes on to state that Steiner and MLBPA entered into a licensing agreement in 2001, and upon expiration of said agreement, the parties entered into another licensing agreement that expired December 31, 2005. *Id.* at ¶ 17.

It is alleged that in 2007, MLBPA learned that Steiner was producing and offering for sale sets of autographed photographs of certain *unnamed* active Major League baseball players, without a license from MLBPA. *Id.* at ¶ 19. Again, nowhere in the Amended Complaint is it alleged which players' pictures, names or likeness are contained in the allegedly infringing products or which players have signed "commercial authorization agreements" designating the MLBPA as their "exclusive agent for the group licensing of Players' Rights." Rather, MLBPA merely states that it notified Steiner by letter of its allegedly infringing activity in 2007. The letter from MLBPA's counsel to Steiner, dated February 28, 2007, is annexed as Exhibit A to the accompanying Affirmation of Richard A. Roth, dated July 29, 2008 (the "Roth Affirmation").[2]

The Amended Complaint further alleges that "later in 2007," Steiner offered for sale a number of products bearing the signatures of more than a dozen -- again, unnamed -- members of the Boston Red Sox baseball club, without first obtaining a MLBPA license. *Id.* at ¶ 20. Further, it is alleged that in January 2008, MLBPA learned that Steiner "was preparing" to release "another unlicensed line of products using Player Rights, this time commemorative artifact

---

[2] The February 28, 2007 letter is incorporated by reference in the Amended Complaint (at paragraph 19) and thus may be considered by the Court in deciding the pending motion. *See, Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999).

3

displays, including framed photographs of active Major League baseball players, each with a name plate bearing biographical data and an artifact (for example dirt from the infield at Yankee Stadium)." *Id.* at ¶ 21. The Amended Complaint does not identify the players allegedly used in these displays, nor does the Amended Complaint allege that these players were included in the group of "virtually all" of the players that had purportedly signed the undisclosed agreement to which MLBPA repeatedly refers.

## ARGUMENT

### COUNT V (N.Y. CIVIL RIGHTS LAW §§ 50-51) OF THE AMENDED COMPLAINT MUST BE DISMISSED

Under Count V of the Amended Complaint, MLBPA is attempting to enforce certain *unnamed* Major League baseball players' statutory "right to privacy" under New York Civil Rights law. As discussed below, that cause of action must be dismissed for at least three separate and independent reasons.

#### A.   COUNT V IS BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS

Claims brought pursuant to §§ 50-51 of New York's Civil Rights Law have a one-year statute of limitations and accrue "at the time the allegedly offending publication was placed on sale to the public, ***and no later***." *Rostropovich v. Koch Int'l Corp.*, 1995 U.S. Dist. LEXIS 2785, No. 94 Civ. 2674, 1995 WL 104123, at *7 (S.D.N.Y. March 7, 1995)(*quoting Pascuzzi v. Montcalm Publishing Corp.*, 65 A.D.2d 786, 410 N.Y.S.2d 325, 326 (App. Div. 2d Dep't 1978)) (internal quotation marks omitted) (emphasis added); *see also* C.P.L.R. § 215(3). In addition, the "single publication" rule holds that distribution of an offending publication under §§ 50 and 51 gives rise to only one cause of action -- despite the fact that an individual's §§ 50 and 51 rights may have continually been violated after the first publication. *See, Rostropovich*, at *7.

This action was commenced by the filing of a Summons and Complaint on *May 16, 2008*. An Amended Complaint was filed on May 28, 2008. Count V of the Amended Complaint (paragraphs 39-42 therein) alleges violations of New York Civil Rights Law §§ 50-51. The allegations contained in Count V have been known to MLBPA since as early as *February 28, 2007* -- as confirmed in MLBPA's counsel's letter to Steiner (*see*, Roth Affirmation, Exhibit A. By virtue of the February 28, 2007 letter to Steiner, it is indisputable that MLBPA has had actual knowledge of Steiner's alleged violations of New York Civil Rights Law §§ 50-51 for over one year prior to the commencement of this action.

As a result of the above, Count V of the Amended Complaint must be dismissed as time-barred. In the alternative, Count V must be dismissed for the reasons stated below.

### B. COUNT V DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

"On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999). To avoid dismissal, a plaintiff must plead specific facts -- not merely conclusory allegations -- and "a complaint which consists of conclusory allegations fails even the liberal standard of Rule 12(b)(6)." *DeJesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996). Further, a court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999). Importantly, a plaintiff is required "to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006).

5

Section 50 of New York's Civil Rights Law prohibits the use of "the name, portrait or picture of any living person" for advertising or trade purposes without that person's consent (and declares a violation thereof, a misdemeanor). Section 51 of the statute provides civil remedies for a violation of Section 50. *See also, Stephano v. News Group Publications, Inc.*, 64 N.Y.2d 174, 182 (1984).

The statutes have their origin in the New York Court of Appeal's decision in *Roberson v. Rochester Folding Box Co.*, 171 N.Y. 538 (1903). Therein, the Court of Appeals held that an individual whose picture appeared on a flour advertisement (without her consent) could not recover for a violation of her right to privacy because no such right existed under New York common law. *Id*; *see also, Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 140 (1985) (New York does not recognize a common law right to privacy). The Legislature of the State of New York responded by amending the Civil Rights Law to establish a statutory "right to privacy." *See, Stephano*, 64 N.Y.2d at 182. "Since the adoption of the statutes, this court has repeatedly held that the right of privacy is governed entirely by statute in this State" (*Id.*) and New York does *not* recognize a common law "right to publicity" as it is subsumed within the Civil Rights statute. *See, Pirone v. MacMillan*, 894 F.2d 579, 586 (2d. Cir. 1990). Section 50 and 51 are to be strictly construed. *See, Allen v. National Video, Inc.*, 610 F. Supp. 612, 620 (S.D.N.Y. 1985).

The elements of a claim brought pursuant to §§ 50 and 51 are: (1) usage of a person's name, portrait, picture or voice; (2) in New York State; (3) for advertising or trade; and (4) without the person's written consent. *Molina v. Phoenix Sound, Inc.*, 297 A.D.2d 595, 597, 747 N.Y.S.2d 227 (1st Dept. 2002). Count V of the Complaint must be dismissed because the MLBPA has not, and cannot, allege facts to support the first and fourth elements of a proper §§ 50-51 claim.

In support of its claim, MLBPA alleges in paragraph 40 that Steiner has used, and continues to use, "the names and likenesses of active Major League baseball players" without first obtaining permission from MLBPA (whom such baseball players purportedly assigned their rights). The entire Amended Complaint, however, fails to mention the identities of *any* of the purported baseball players whose "names and likenesses" Steiner has allegedly wrongfully used. As a result of that deficiency, the Amended Complaint also fails to allege that such players whose rights the MLBPA seeks to enforce are apart of the "virtually all" of the players that actually assigned MLBPA such rights. As such, the Amended Complaint fails to allege *the very first element* of a New York Civil Rights Law violation under Sections 50 and 51 and fails to give Steiner fair notice of the claim being alleged.

MLBPA's §§ 50-51 claim also fails because the Amended Complaint does not allege the fourth element -- that Steiner did not have the written consent of the very players whose civil rights the MLBPA seeks to enforce. In fact, Paragraph 19 of the Amended Complaint states that Steiner sold products "bearing the signatures" of "more than a dozen members of the Boston Red Sox baseball club." As a result, MLBPA cannot in good faith assert that Steiner did not have the "written consent" (one of the elements of a civil rights claim) of the individuals whose civil rights the MLBPA purportedly seeks to enforce herein -- when those very individuals affixed their signatures to the allegedly infringing products. As such, not only does the Amended Complaint fail to allege that Steiner did not have the players' written consent, the Amended Complaint itself admits that MLBPA cannot in good faith even make such an allegation.

7

Count V of the Amended Complaint fails to allege a cause of action under New York Civil Rights Law, is admittedly unsupportable, and its vague and conclusory allegations make this case impossible for Steiner to defend.[3]

### C. MLBPA LACKS STANDING TO ASSERT A CLAIM UNDER N.Y. CIVIL RIGHTS LAW §§ 50-51

While it is unclear whether dismissal for lack of standing is properly raised in a Rule 12(b)(1) or Rule 12(b)(6) motion, the United States Supreme Court has noted that, the standing "inquiry involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). The inquiry is essentially "a jurisdictional prerequisite to a federal court's deliberations." *Hodel v. Irving*, 481 U.S. 704, 711 (1987). As such, standing, "like other jurisdictional inquiries, 'cannot be inferred argumentatively from averments in the pleadings, … but rather must appear affirmatively in the record …'" so that, on a motion to dismiss, "it is the burden of the party [asserting standing to sue] … clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.'" *Thompson v. County of Franklin*, 15 F.3d 245, 247 (2d Cir. 1994) (*quoting*, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

MLBPA alleges that certain *unidentified* individuals assigned their rights to the use of their names and likenesses to MLBPA -- and it is for this reason MLBPA alleges violations of New York Civil Rights §§ 50-51. Amended Complaint, at ¶¶ 40-42. There are three reasons why MLBPA lacks standing to assert such a claim herein.

---

[3] It is Steiner's belief that the reason why MLBPA refuses to state the identities of the individuals whose purported rights it is seeking to enforce is because MLBPA knows that Steiner would then be in a position to provide evidence showing that each of those stated individuals did, in fact, give their written permission for Steiner to use their names and likenesses.

8

First and foremost, the Amended Complaint fails to adequately plead standing to assert civil rights claims on behalf of other individuals. That is, in order to satisfy the standing requirement, a plaintiff must meet an "irreducible constitutional minimum," which requires:

> (1) that the plaintiff have suffered an injury in fact - an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of - the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bennett v. Spear*, 520 U.S. 154, 167, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997) (*citing, Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Here, the Amended Complaint is fatally deficient on its face because it does not identify the individuals whose civil rights it is purportedly seeking to enforce. In fact, the Amended Complaint fails to allege *any* of the requirements mandated by the United States Supreme Court under *Bennett*.

Second, even assuming the Amended Complaint did identify the individuals whose civil rights it is seeking to enforce, under New York law, "a cause of action under the Civil Rights Law is not assignable during one's lifetime and terminates at death..." *Lombardo v. Doyle, Dane & Bernbach*, 58 A.D.2d 620, 621, 396 N.Y.S.2d 661, 664 (2d Dept. 1977); *see also, Pirone v. MacMillan*, 894 F.2d 579, 585-586 (2d. Cir. 1990). Accordingly, MLBPA, as a matter of New York law, cannot have standing to assert civil rights claims under Sections 50 and 51 on behalf of an individual. Whatever MLBPA claims to have been assigned by those unidentified individuals, it was not a *valid* assignment of that persons claims under New York Civil Rights Law §§ 50-51.

Finally, Section 51 is clear that it only protects "a person" (in fact, "a living person"). *See, e.g., Burck v. Mars, Inc.*, 2008 U.S. Dist. LEXIS 47861, *14 (S.D.N.Y. June 23, 2008). Accordingly, MLBPA (as it is not "a living person") has no cause of action under New York Civil Rights Law §§ 50-51. *See, e.g., Univ. of Notre Dame Du Lac v. Twentieth Century-Fox Film Corp.*, 22 A.D.2d 452, 455, 256 N.Y.S.2d 301, 305 (1st Dept. 1965).

For all of these reasons, MLBPA lacks standing to bring a New York Civil Rights Law claim under Sections 50 and 51, and this Count V must be dismissed.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court dismiss Count V of the Amended Complaint, together with any further relief that this Court deems appropriate.

DATED:   New York, New York
         July 29, 2008

THE ROTH LAW FIRM, PLLC

By: _____
   Richard A. Roth (RAR 5538)
   Jordan M. Kam (JK 8938)
545 Fifth Avenue, Suite 960
New York, New York 10017
Tel: (212) 542-8882
Fax: (212) 542-8883
*Attorneys for Defendant*