**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MAJOR LEAGUE BASEBALL PLAYERS
ASSOCIATION,

                      Plaintiff,                    08 CIV 04570 (VM)

vs.

STEINER SPORTS MARKETING INC.,    **ANSWER TO SECOND**
                                                             **AMENDED COMPLAINT**

                      Defendants.
-----------------------------------------------------------------X

      Defendant Steiner Sports Marketing, Inc. ("Steiner" or Defendant"), by and through its attorneys, The Roth Law Firm, PLLC, hereby answer the Second Amended Complaint, as follows:

      1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Second Amended Complaint.

      2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Second Amended Complaint.

      3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Amended Complaint.

      4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Complaint.

      5.     Defendant admits that it maintains a principal place of business in New Rochelle, New York, does business in New York, and that it is in the business of selling sports memorabilia as stated in paragraph 5 of the Second Amended Complaint. Defendant denies knowledge or information sufficient to form a belief as to whether: (i) Defendant is a former

licensee of Plaintiff; and (ii) Defendant is in the business of "producing" sports memorabilia as that term is used in the Second Amended Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Second Amended Complaint to the extent that this Court has subject matter jurisdiction, but Defendant denies any allegation of wrongdoing.

7. Defendant admits the allegations contained in paragraph 7 of the Second Amended Complaint to the extent that this Court has personal jurisdiction over Defendant, but Defendant denies any allegation of wrongdoing.

8. Defendant admits the allegations contained in paragraph 8 of the Second Amended Complaint to the extent that venue is proper in this district, but Defendant denies any allegation of wrongdoing.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Amended Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Second Amended Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Second Amended Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Second Amended Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Second Amended Complaint. Defendant affirmatively states that it cannot locate any executed contract by or between Plaintiff and Defendant, and upon informal request by Defendant, Plaintiff has yet to produce the alleged executed agreement upon which its alleged claims herein are based.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Second Amended Complaint. Defendant affirmatively states that it cannot locate any executed contract by or between Plaintiff and Defendant, and upon informal request by Defendant, Plaintiff has yet to produce the alleged executed agreement upon which its alleged claims herein are based.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Second Amended Complaint. Defendant denies that it has infringed on Plaintiff's alleged rights or has in any way caused injury to Plaintiff.

20. Defendant admits the allegations contained in paragraph 20 of the Second Amended Complaint solely to the extent that Defendant has offered for sale certain products bearing the signatures of certain baseball players who have played for the Boston Red Sox baseball team. Defendant denies that it has infringed on Plaintiff's alleged rights or has in any way caused injury to Plaintiff.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Complaint, specifically, the statements regarding Plaintiff allegedly "learning" about Defendant's alleged conduct and the contents of Plaintiff's alleged demands. Defendant specifically denies that it has infringed on Plaintiff's alleged rights or has in any way caused injury to Plaintiff.

### As and For an Answer to COUNT I

22. Defendant incorporates the above paragraphs herein in response to paragraph 22 of the Second Amended Complaint.

23. Defendant denies the truth of the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Defendant denies the truth of the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Defendant denies the truth of the allegations contained in paragraph 25 of the Second Amended Complaint.

26. Defendant denies the truth of the allegations contained in paragraph 26 of the Second Amended Complaint.

27. Defendant denies the truth of the allegations contained in paragraph 27 of the Second Amended Complaint.

28. Defendant denies the truth of the allegations contained in paragraph 28 of the Second Amended Complaint.

29. Defendant denies the truth of the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Defendant denies the truth of the allegations contained in paragraph 30 of the Second Amended Complaint.

### As and for an Answer to COUNT II

31. Defendant incorporates the above paragraphs herein in response to paragraph 31 of the Second Amended Complaint.

32. Defendant denies the truth of the allegations contained in paragraph 32 of the Second Amended Complaint.

33. Defendant denies the truth of the allegations contained in paragraph 33 of the Second Amended Complaint.

### As and for an Answer to COUNT III

34. Defendant incorporates the above paragraphs herein in response to paragraph 34 of the Second Amended Complaint.

35. Defendant denies the truth of the allegations contained in paragraph 35 of the Second Amended Complaint.

### As and for an Answer to COUNT IV

36. Defendant incorporates the above paragraphs herein in response to paragraph 36 of the Second Amended Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Second Amended Complaint.

38. Defendant denies the truth of the allegations contained in paragraph 38 of the Second Amended Complaint.

### As and for an Answer to COUNT V

39. Defendant incorporates the above paragraphs herein in response to paragraph 39 of the Second Amended Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Second Amended Complaint. Defendant affirmatively states that it cannot locate any executed contract by or between Plaintiff and Defendant, and upon informal request by Defendant, Plaintiff has yet to produce the alleged executed agreement upon which its alleged claims herein are based.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Second Amended Complaint. Defendant affirmatively states that it cannot locate any executed contract by or between Plaintiff and Defendant, and upon informal request by Defendant, Plaintiff has yet to produce the alleged executed agreement upon which its alleged claims herein are based.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Second Amended Complaint. Defendant affirmatively states that it cannot locate any executed contract by or between Plaintiff and Defendant, and upon informal request by Defendant, Plaintiff has yet to produce the alleged executed agreement upon which its alleged claims herein are based.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Second Amended Complaint, but denies that it has infringed on Plaintiff's alleged rights or has in any way caused injury to Plaintiff.

44. Defendant denies the truth of the allegations contained in paragraph 44 of the Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

### **As and for a First Affirmative Defense**

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### **As and for a Second Affirmative Defense**

Plaintiff's claims are barred in whole, or in part, by the applicable statutes of limitations.

### **As and for a Third Affirmative Defense**

Plaintiff's claims are barred in whole, or in part, by the doctrine of laches.

### **As and for a Fourth Affirmative Defense**

Plaintiff's claims are barred in whole, or in part, by the doctrines of acquiescence and abandonment.

### **As and for a Fifth Affirmative Defense**

Plaintiff's claims are barred in whole, or in part, by the doctrine of waiver and/or estoppel.

### **As and for a Sixth Affirmative Defense**

Plaintiff's claims are barred in whole, or in part, as a result of Plaintiff's unclean hands.

### As and for a Seventh Affirmative Defense

At all relevant times Defendant acted in good faith in purchasing items for resale from Photo File, Inc. -- an entity, upon information and belief, from which Plaintiff collects substantial revenue.

### As and for a Eighth Affirmative Defense

Plaintiff's claims are barred in whole, or in part, by the first-sale doctrine.

### As and for a Ninth Affirmative Defense

Plaintiff's claims are barred in whole, or in part, on the grounds of improper or illegal use of trademarks and/or use of trademarks designed to achieve anticompetitive results or to violate the antitrust laws of the State of New York and/or the United States.

DATED:   New York, New York
         October 3, 2008

THE ROTH LAW FIRM, PLLC

By: _____
Richard A. Roth (RAR 5538)
Jordan M. Kam (JK 8939)
545 Fifth Avenue, Suite 960
New York, New York 10017
Tel: (212) 542-8882
Fax: (212) 542-8883
*Attorneys for Defendant*